**PROCHNIAK WEISBERG, P.C.**
BY: Matthew B. Weisberg
Attorney ID. #85796
7 South Morton Avenue
Morton, PA 19070
(610) 690-0801
Fax (610) 690-7401

**FILED**
JAMES J. WALDRON
JUL 19 2006
U.S. BANKRUPTCY COURT
CAMDEN, NJ
BY_____, DEPUTY

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

IN THE MATTER OF:

NAME(S):

    LOUIS P. BARRETTA      CHAPETER 13 NO.: 06-10726

ADDRESS: 35 Sandstone Drive, Sicklerville, NJ 08081

SSN: XXX-XX-2674

    DEBTOR

LOUIS P. BARRETTA      Adv. Proc. No.:     06-
MICHELE BARRETTA, Individually and H/W

    Plaintiffs,

    v.

RAYMOND SCARPATO, JR., ESQ.
2300 S. 20TH STREET
PHILADELPHIA, PA 19145

    And

DONNA SCARPATO d/b/a
GLOBAL ABSTRACT CO., INC.
2300 S. 20th Street
Philadelphia, PA 19145

    And

GLOBAL ABSTRACT CO., INC.
2300 S. 20th Street
Philadelphia, PA 19145      Jury of Twelve (12) Jurors Demanded

And

GLOBAL ABSTRACT CO., LLC
2300 S. 20th Street
Philadelphia, PA 19145

And

JOHN DOE (1)

Defendants.

## COMPLAINT SEEKING DAMAGES IN CORE ADVERSARY PROCEEDING

### I. Introduction

1. This is an action for recoupment and/or compensatory, exemplary, and punitive damages filed by the debtor, Louis P. Barretta, and his wife, Michele Barretta.

### II. Jurisdiction and Venue

2. Jurisdiction over this matter is conferred upon this Court by the TILA, 15 U.S.C. §1640(e) and 28 U.S.C. §§ 1331, 1337. Supplemental jurisdiction over plaintiff's state law claims is granted by 28 U.S.C. § 1367(a). The bankruptcy court has jurisdiction in this case, which arises in a bankruptcy case, to determine the amount and extent of a secured claim of a creditor, and to determine the debtor's counterclaims against a creditor, under 28 U.S.C. §1334. This is a core proceeding. Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

### III. Parties and Statement of Facts

3. Plaintiffs, Louis P. Barretta (hereinafter "debtor"), and Michele Barretta, are individuals and/or H/W, at all times material residing at the above-captioned address ("residence").

4. Defendant, Global Abstract Co., Inc., is a corporation duly existing under and by virtue of the laws of the Commonwealth of Pennsylvania, doing business in the Commonwealth of Pennsylvania, and maintaining a principal place of business at the above-captioned address with agents authorized to receive service of process at that address.

5. Defendant, Global Abstract Co., LLC., is a limited liability company existing under and by virtue of the laws of the Commonwealth of Pennsylvania, doing business in the Commonwealth of Pennsylvania, and maintaining a principal place of business at the above-captioned address with agents authorized to receive service of process at that address.

6. Defendants, Global Abstract Co., Inc and Global Abstract Co., LLC, (collectively "Title Agency"), at all times material acted as Plaintiff's, Louis Barretta, title agency.

7. Defendant, Raymond Scarpato, Jr., Esq. ("Lender"), is an individual and licensed professional with an office and doing business in Philadelphia County, Pennsylvania.

8. At all times material, Lender acted as debtor's mortgage lender.

9. Defendant, Donna Scarpato ("title agent"), is an individual and/or President of Title Agency, doing business at the above address.

10. At all times material, debtor was insured pursuant to a policy of insurance issued by Defendant, John Doe 1, a presently unknown insurer ("insurer"), through title agency and title agent.

11. At all times material, Defendants acted as individuals and/or by and through and on behalf of each other, their agents, officers, directors, servants, workmen, and employees, who were acting within the authorized scope and course of their employment and/or agency.

12. At all times material, Debtor was a borrower and/or mortgagee allegedly subject and/or party to a mortgage and installment note dated May 9, 2005 (collectively "loan"), in the amount of $115,000.00, which mortgage is recorded in Camden County, New Jersey, Book 07821, Page 1194.

13. Said mortgage identifies Plaintiffs' residence as collateral.

14. Conspiring with Title Agency and Title Agent, Lender breached the loan agreement with Debtor by not disbursing any loan proceeds and/or consideration to Debtor.

## COUNT I
## NEGLIGENCE

15. Paragraphs 1-14 above are incorporated by reference as if fully set forth at length herein.

16. As a direct result of Defendants' intentional, negligent, careless, and/or reckless misconduct, Defendants were inappropriately enriched to Plaintiffs' detriment, damage and injury, all of which may be permanent, ongoing and/or an aggravation of a pre-existing condition(s), including, but not limited to, Plaintiffs':

   a. Financial injury, including not properly disclosed interest rates, closing costs, brokerage fee(s), and such other and further injury directly and/or consequentially resulting from same;

    b. Humiliation, embarrassment, emotional distress, inconvenience and annoyance;

    c. Attorney's fees, expenses and costs;

    d. Damage to credit-worthiness and credit score;

    e. Bankruptcy and the direct and/or consequences of same, including attorneys fees, expenses and costs; and

    f. Such other and further injury as may be revealed throughout continuing discovery and/or at trial.

17. Defendants have and continue to harm Plaintiffs through their breach of their duties and responsibilities, fiduciary, professional and/or otherwise, owed to Plaintiffs, including, but not limited to, deviating from the applicable standards of care, respectively.

**WHEREFORE**, Plaintiff(s) requests this Honorable Court enter judgment in his/their favor and against Defendants, individually, jointly and/or severally, in an amount in excess of fifty thousand dollars ($50,000), plus such other and further relief as this Honorable Court deems necessary and just.

## COUNT II
## TILA

18. Paragraphs 1-17 above are incorporated by reference as if fully set forth at length herein.

19. At all times material, in the ordinary course of business, Lender extended and/or arranged for the extension of consumer credit and/or offered to extend or arrange for the extension of such credit.

20. The aforesaid loan was a residential mortgage loan subject to Debtor's right of rescission as described by 15 U.S.C. §1635 and 12 C.F.R. §226.23.

21. In said loan transaction, Debtor did not receive the disclosures required by the Truth-In-Lending Act ("TILA"), 15 U.S.C. §1601, et. seq., and Regulation Z of the Federal Reserve Board ("Regulation Z"), 12 C.F.R §226.1 et seq., including, but not limited to, notice pursuant to the Home Ownership and Equity Protection Act of 1994, 15 U.S.C. §1639(a) ("HOEPA").

22. Lender failed to deliver all "material" disclosures required by TILA and Regulation Z, including, *inter alia*:

    (a) Failing to properly and accurately disclose the "amount financed," as described in and in violation of Regulation Z §226.18(b) and 15 U.S.C. §1638(a)(2)(A);

    (b) Failing to clearly and accurately disclose the "finance charge" as described in and in violation of Regulation Z §226.4 and 15 U.S.C. §1638(a)(3);

    (c) Failing to clearly and accurately disclose the "annual percentage rate" as described in and in violation of Regular Z §226.18(e) and 15 U.S.C. §1638(a)(4);

    (d) Failing to comply with the special disclosure requirements of Regulation Z §226.32; and

    (e) Failing to timely provide Plaintiff with two (2) copies of a Notice of his/her Rights to Rescind the Transaction pursuant to TILA and/or HOEPA.

23. Due to the violations of TILA and Regulation Z, Debtor has an ongoing right to rescind the transaction until receipt of all "material" disclosures pursuant to TILA and Regulation Z.

24. To the extent this court may find that Debtor has not already rescinded the loan, Debtor does hereby exercise his right to rescind same and this Complaint shall hereby constitute Debtor's Notice of Rescission pursuant to TILA, 15 U.S.C. §1601, et seq., to which Lender has twenty (20) days to respond.

**WHEREFORE**, Plaintiff(s) requests this Honorable Court enter judgment in his/their favor and against Defendants, individually, jointly and/or severally, in an amount in excess of fifty thousand dollars ($50,000), such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

a. Rescission of the Mortgage between Defendants and Plaintiff Louis Barretta, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed by Defendants;
b. Termination of any security interest in Plaintiff(s)' property which may have been created under the loan;
c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;
d. Statutory damages;
e. Actual damages in an amount to be determined at trial;
f. Attorneys fees and expenses, and costs of suit; and
   i. Actual damages;
   ii. Treble damages;
   iii. Attorneys fees and expenses, and costs of suit; and
   iv. Punitive Damages.

## COUNT III
## RESPA

25. Paragraphs 1-24 above are incorporated by reference as if fully set forth at length herein.

26. At all times material, Debtor made written requests and complaints to Defendants.

27. The aforesaid requests constitute "Qualified Written Requests" pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2601, et seq.

28. Defendants failed to respond in accordance with RESPA.

29. Defendants failed to provide Debtor with an appropriate written explanation or clarification as to why the Defendants believe the account to be accurate as determined by Defendants.

30. Defendants also failed to provide Debtor with the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to Debtor as required by RESPA.

31. More than sixty (60) days have elapsed since Defendants' receipt of Debtor's Qualified Written Request and Defendants failed to take appropriate action with respect to Debtor's inquiry in accordance with 12 U.S.C. §2605(e)(2).

32. At all times material, Defendants were and/or remain creditors within the meaning of the 15 U.S.C. §1601, et seq. and therefore 12 U.S.C. §2601, et seq. applies and requires the Defendants to comply with its loan servicing provisions.

33. The transaction in this case were "federally related mortgage loans" within the meaning of RESPA.

34. By their acts or omissions (incorporated by reference), Defendants violated RESPA and are liable to Debtor.

**WHEREFORE**, Plaintiff(s) requests this Honorable Court enter judgment in his/their favor and against Defendants, individually, jointly and/or severally, in an amount in excess of fifty thousand dollars ($50,000), such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

    a. Rescission of the May 9, 2005 loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed by Defendants;
    b. Termination of any security interest in Plaintiff(s)' property which may have been created under the loan;
    c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;
    d. Statutory damages;
    e. Actual damages in an amount to be determined at trial;
    f. Attorneys fees and expenses, and costs of suit; and
        i. Actual damages;
        ii. Treble damages;

   iii. Attorneys fees and expenses, and costs of suit; and
   iv. Punitive Damages.

## COUNT IV
## EQUAL CREDIT OPPORTUNITY ACT ("ECOA")

35. Paragraphs 1-34 above are incorporated by reference as if fully set forth at length herein.

36. Debtor made an application for credit and Lender made a counter-offer to their completed credit application, offering to lend on different terms than those sought by Debtor.

37. Lender did not notify Debtor of the counter-offer or reasons for denying the credit application prior to the loan closing, in violation of 15 U.S.C. §1694(e).

**WHEREFORE**, Plaintiff(s) requests this Honorable Court enter judgment in his/their favor and against Defendants, individually, jointly and/or severally, in an amount in excess of fifty thousand dollars ($50,000), such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

  a. Rescission of the May 9, 2005 loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed by Defendants;
  b. Termination of any security interest in Plaintiff(s)' property which may have been created under the loan;
  c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;
  d. Statutory damages;
  e. Actual damages in an amount to be determined at trial;
  f. Attorneys fees and expenses, and costs of suit; and
   i. Actual damages;
   ii. Treble damages;
   iii. Attorneys fees and expenses, and costs of suit; and
   iv. Punitive Damages.

## COUNT V
## FRAUD

38. Paragraphs 1-37 above are incorporated by reference as if fully set forth at length herein.

39. Defendants intentionally misrepresented and/or omitted material facts to Plaintiffs, including the aforesaid (incorporated by reference) and as more further described as following, but not limited to: (a) that the loan was beneficial to Plaintiffs, when it was not; and (b) that certain amounts were due and owing, when they were not.

40. The aforesaid intentional misrepresentations and/or omissions were made in an attempt to procure pecuniary gain from a security interest in Plaintiffs' home and monetary consideration from the Plaintiffs and/or otherwise from the proceeds of the loan.

41. As the intended result of the aforesaid fraud, Plaintiffs reasonably relied upon said misrepresentations and/or omissions to their detriment.

42. Plaintiffs have been damaged by the unlawful conduct, material misrepresentations of the defendants, and by the negligence of the defendants.

43. Defendants' improper conduct was willful, knowing, wanton and in reckless disregard to the rights of Plaintiffs.

44. As the direct and proximate results of the fraud, Plaintiffs has sustained the aforesaid damages (incorporated by reference).

**WHEREFORE,** Plaintiff(s) requests this Honorable Court enter judgment in his/their favor and against Defendants, individually, jointly and/or severally, in an amount in excess of fifty thousand dollars ($50,000), such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

    a. Rescission of the loan, including a declaration that Plaintiff(s) are not liable for any finance charges or other charges imposed by Defendants;

    b. Termination of any security interest in Plaintiffs' property which may have been created under the loan;

    c. Return of any money or property given by Plaintiffs to anyone, including the Defendants, in connection with the transaction;

    d. Statutory damages;

    e. Actual damages in an amount to be determined at trial;

    f. Attorneys fees and expenses, and costs of suit; and

        i. Actual damages;

        ii. Treble damages;

        iii. Attorneys fees and expenses, and costs of suit; and

        iv. Punitive Damages.

## COUNT VI – BAD FAITH

45. Paragraphs 1 through 44 above are incorporated by reference as if same were fully set forth at length herein.

46. The actions and/or omissions of Insurer constitute Bad Faith pursuant to N.J.S.A. § 17:29 B-1.et seq.

47. Insurer's bad faith includes, but is not limited to:

    a. Denying said claim when it knew or should have known that said claim was covered under and pursuant to the policies;

    b. Refusing without proper foundation to pay said claim;

    c. Failing to properly investigate the facts and law related to the underlying claim and/or policies;

    d. Failing to inform Debtor of his rights under the policies;

    e. Failing to fully advise Debtor of the consequence of Debtor's alleged conduct, which is denied, which allegedly may have given rise to Insurer's denial of coverage;

    f. Failing to inform Debtor of the potential consequences resulting from Insurer's denial of coverage;

    g. Breaching its fiduciary relationship and contract;

    h. Such other and further conduct which may be revealed throughout

continuing discovery and/or at trial; and

    i. Establishing and exhibiting a pattern and practice of bad faith, representation and/or conduct benefiting the interests of Insurer, to the detriment of its insureds', including Debtor.

48. At all times material, Insurer acted in Bad Faith and in violation of the aforesaid statute, as well as laws, statutes and ordinances of the controlling governments and/or municipalities.

**WHEREFORE**, Plaintiff(s) requests this Honorable Court enter judgment in his/their favor and against Defendants, individually, jointly and/or severally, in an amount in excess of fifty thousand dollars ($50,000), such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

    a. Rescission of the loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed by Defendants;
    b. Termination of any security interest in Plaintiff(s)' property which may have been created under the loan;
    c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;
    d. Actual damages in an amount to be determined at trial; and
    e. Attorney's fees and expenses, and costs of suit.

## COUNT VII
## BREACH OF CONTRACT

49. Paragraphs 1-48 above are incorporated by reference as if fully set forth at length herein.

50. At all times material, Plaintiffs and Defendants were parties to the aforesaid express contract(s) (incorporated by reference) and/or contract(s) implied at law.

51. By and through their aforesaid actions, Defendants breached their express and/or implied contractual duties.

52. As a direct and proximate result of the said breach of contract, Plaintiffs have sustained damages (incorporated by reference).

**WHEREFORE**, Plaintiff(s) requests this Honorable Court enter judgment in his/their favor and against Defendants, individually, jointly and/or severally, in an amount in excess of fifty thousand dollars ($50,000), such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

   a. Rescission of the loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed by Defendants;
   b. Termination of any security interest in Plaintiff(s)' property which may have been created under the loan;
   c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;
   d. Actual damages in an amount to be determined at trial; and
   e. Attorney's fees and expenses, and costs of suit.

<h3 align="center">COUNT VIII
CONSUMER FRAUD ACT</h3>

53. Paragraphs 1 through 52 are incorporate by reference as if fully set forth at length herein.

54. At all times material, Defendants' conduct surrounding the loan falls within the definitions of "unfair and deceptive act or practice," as that term is defined by the New Jersey Consumer Fraud Act, N.J.S.A. §56:8-1, et seq. (hereinafter "NJCFA").

55. The NJCFA authorizes the court, in its discretion, to award up to three (3) times ("treble") the actual damages sustained for violations, for which Plaintiffs are entitled.

**WHEREFORE**, Plaintiff(s) requests this Honorable Court enter judgment in his/their

favor and against Defendants, individually, jointly and/or severally, in an amount in excess of fifty thousand dollars ($50,000), such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

    a. Rescission of the loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed by Defendants;
    b. Termination of any security interest in Plaintiff(s)' property which may have been created under the loan;
    c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;
    d. Statutory damages;
    e. Actual damages in an amount to be determined at trial;
    f. Attorneys fees and expenses, and costs of suit; and
        i. Actual damages;
        ii. Treble damages;
        iii. Attorneys fees and expenses, and costs of suit; and
        iv. Punitive Damages.

## COUNT IX – LOSS OF CONSORTIUM
## MICHELE BARRETTA v. ALL DEFENDANTS

56. Paragraphs 1 through 55 above are incorporated by reference as though same were fully set forth herein at length.

57. Plaintiff, Michele Barretta, is the wife of Plaintiff, Louis Barretta, and as a result of the negligent, careless and reckless conduct of Defendants, Plaintiff, Michele Barretta, has lost and/or will loose the companionship, consortium, society and services of husband-Plaintiff, Louis Barretta, to her great personal detriment and loss.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants individually, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with interest and costs and such other relief as this Honorable Court deems just.

## COUNT X – LOSS OF CONSORTIUM
## LOUIS BARRETTA v. ALL DEFENDANTS

58. Paragraphs 1 through 57 above are incorporated as though same were fully set forth herein at length.

59. Plaintiff, Louis Barretta, is the husband of Plaintiff, Michele Barretta, and as a result of the negligent, careless and reckless conduct of Defendants, Plaintiff, Louis Barretta, has lost and/or will loose the companionship, consortium, society and services of wife-Plaintiff, Michele Barretta, to his great personal detriment and loss.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendants individually, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with interest and costs and such other relief as this Honorable Court deems just.

## COUNT XI – PUNITIVE DAMAGES

60. Paragraphs 1 through 59 above are incorporated as if fully set forth at length herein.

61. The actions and misconduct set forth above of Defendants were extreme and outrageous and done intentionally and/or recklessly and/or maliciously by said Defendants against Plaintiffs.

62. Said actions and misconduct were done with bad motives and in wanton, willful and reckless disregard for the rights of Plaintiffs.

63. Plaintiffs aver that Punitive Damages are warranted by the aforesaid conduct and actions and as a result of the aforementioned conduct (incorporated by reference).

**WHEREFORE**, Plaintiffs request this Honorable Court enter judgment in their

favor and against Defendants, individually, jointly and/or severally, in an amount in excess of seventy-five thousand dollars ($75,000.00), and such other and further relief as this Honorable Court deems necessary and just.

                                  Respectfully submitted,

                                  /s/ Matthew B. Weisberg
                                  MATTHEW B. WEISBERG
Dated: 7/18/06                   Attorney for Plaintiffs